IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROSA LOPEZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | ) |
| | )    1:10cv1218 (JCC) |
| ASMAR'S MEDITERRANEAN | ) |
| FOOD, INC., | ) |
| | ) |
|     Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Asmar's Mediterranean Food, Inc.'s ("Defendant") Motion for Summary Judgment.  [Dkt. 10 ("MSJ").]  For the following reasons, the Court will deny Defendant's motion.

**I. Background**

This case involves an alleged failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA").  Defendant, a producer of prepared foods sold at grocery stores, allegedly failed to pay Rosa Lopez ("Plaintiff") required additional "half time" (*i.e.*, half her normal hourly salary) for overtime work.  (Compl. ¶ 6.) The parties dispute the amount of overtime worked and whether Plaintiff's salary was sufficient.

1

Defendant moved for Summary Judgment on December 21, 2010 [Dkt. 10], and Plaintiff filed a brief in opposition on December 23, 2010 [Dkt. 12].  The Motion for Summary Judgment is before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  The party seeking summary judgment has the initial burden of showing the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials.  Rather, the non-

moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quotation omitted).

Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

Under the FLSA, employers generally must compensate employees at one and one-half times their regular wages for overtime. 29 U.S.C. §§ 206, 207. The FLSA is designed to protect "the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others." *Tennessee Coal,*

*Iron, & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944). Because the Act is "remedial and humanitarian in purpose, it should be broadly interpreted and applied to effectuate its goals." *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) (citing *Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 296 (1985)).

An FLSA plaintiff generally bears the burden of demonstrating that the defendant is in violation of the Act. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Yet "[d]ue regard must be given to the fact that it is the employer who has the duty under . . . the Act to keep proper records of wages, hours and other conditions and practices of employment" and that "[e]mployees seldom keep such records themselves." *Id.* "[W]here the employer's records are inaccurate or inadequate" under the FLSA, "[t]he burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88.

Employers governed by the FLSA must keep records of each employee's wages, hours, and other conditions and practices of employment, including accurate records of

hours worked each workday and workweek by each employee. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(7). Here, Defendants offer no evidence that such records exist. Consequently Defendant faces the burden of negating the reasonableness of an inference that Plaintiff was not paid proper overtime.

Defendant attempts to meet this burden through interrogatories seeking Plaintiff's evidence of hours worked, then challenging that evidence. In its responses to Defendant's Request for Admissions and Interrogatories (MSJ Ex. 1), Plaintiff names a group of individuals "who are similarly situated with [her]," (Response to Interrogatory Nos. 3, 9), though she claims that more individuals may be similarly situated (Response to Admission No. 3). Plaintiff also states that her "hours worked may be corroborated by any employee or officer of Defendant working at the same time as Plaintiff." (Response to Interrogatory No. 4.) Those hours, she claimed in her Response and in a sworn affidavit, were from "8:00 a.m. through 9:00 p.m., Monday through Friday." *Id.*; *see also* (Opp. Ex. 2 (Affidavit of Rosa Lopez)).

Defendant then interviewed every employee Plaintiff named as "similarly situated," obtaining statements from each claiming that Plaintiff worked from

about 8:00 a.m. to 5 or 6:00 p.m., and that she did not work 62.5 hours per week. (MSJ at 7-10.) Plaintiff argues that, because these affidavits are of Defendant's *current* employees, they may be subject to bias.

This Court agrees that it must discount the affidavits at this stage, as discovery is not yet complete and Plaintiff has not yet had the opportunity to depose these witnesses. *See Francis v. A & E Stores, Inc.*, No. 06 Civ. 1638, 2008 WL 4619858, at *3 (S.D.N.Y. Oct. 16, 2008) (discounting affidavits of defendant's employees); *Vaughn v. Mortgage Source LLC*, No. CV 08-4737, 2010 WL 1528521, at *7 (E.D.N.Y. April 14, 2010) ("[C]ourts may assign the weight they think appropriate to affidavits from current employees because of the risk of bias and coercion.")(citation and internal quotation marks omitted); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 WL 2853971, at *4 (S.D.N.Y. Oct. 5, 2006) (declining to consider affidavits where plaintiffs had not yet had the opportunity to depose affiants); *Morden v. T-Mobile USA, Inc.*, No. C05-2112, 2006 WL 2620320, at *3 (W.D. Wash. Sept. 12, 2006) (discounting current employees' declarations "because of the risk of bias and coercion inherent in that testimony").

Defendant additionally challenges Plaintiff's claims that her allegations may be corroborated by her mode of commuting to and from work, and by her babysitters' schedules. (Response to Interrogatory 4.) Defendant argues that the bus at issue runs all day, and that Plaintiff's babysitters have no idea whether Plaintiff spends her time out of the house at work or otherwise occupied. (MSJ at 5-6.) Because this Court will find that summary judgment is premature here for the reasons explained above, it will not evaluate the strength of this evidence at this time.

Defendant also attempts to argue that, as a matter of "simple math," Plaintiff's salary covered any claimed deficiency in her overtime pay. This argument is meritless. Plaintiff does admit that her "regular rate of pay . . . is [$8.80] per hour," (Response to Admission No. 7), and that her "overtime rate of pay was $13.20" (Response to Admission No. 8). Defendant takes this to mean that Plaintiff should have been paid $352.00 for her first 40 hours of the week ($8.80 x 40), meaning that her $550.00 weekly salary left "$198.00 of additional pay" that "would cover up to 15 hours of overtime at the stipulated overtime rate." (MSJ at 11.)

The problem with this math is that Plaintiff (correctly[1]) calculates her hourly rate by dividing her weekly pay ($550.00) *by her alleged hours worked per-week* (62.5), thereby arriving at an hourly rate of $8.80. Had she worked fewer hours per week, her calculated hourly rate and overtime rate would have been greater ($550.00/hours worked). In any case, under Plaintiff's allegations, she still would have been paid *no* overtime--there would have been no "additional pay." Plaintiff therefore has not admitted to a rate of pay that would have covered an overtime deficiency.

**IV. Conclusion**

For the reasons stated above, the Court will deny Defendant's Motion for Summary Judgment.

 

/s/
January 10, 2011            James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE

---

[1] 29 C.F.R. 778.112 states: "If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek."