IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
ROSA LOPEZ,                      )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )
                                 )    1:10cv1218 (JCC)
ASMAR'S MEDITERRANEAN            )
FOOD, INC.,                      )
                                 )
     Defendants.                 )
```

**M E M O R A N D U M   O P I N I O N**

At issue here is whether the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*[1] and *Ashcroft v. Iqbal*[2] should apply to affirmative defenses. The matter is before the Court on Plaintiff Rosa Lopez's ("Plaintiff") Motion to Strike ("MTS") defenses raised in Defendant Asmar's Mediterranean Food, Inc.'s ("Defendant") Answer. [Dkt. 5.] For the following reasons, the Court will deny Plaintiff's motion.

**I. Background**

This case involves an alleged failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"). Defendant, a producer of prepared foods sold at

---
[1] 550 U.S. 544 (2007).
[2] 129 S. Ct. 1937 (2009).

grocery stores, allegedly failed to pay Plaintiff required additional "half time" (*i.e.*, half her normal hourly salary) for overtime work. (Compl. ¶ 6.) Plaintiff sued to recover these wages under the FLSA on October 28, 2010. [Dkt. 1.] Defendant filed its answer on November 29, 2010 ("Answer"), raising a number of affirmative defenses. [Dkt. 3.] Plaintiff moved to strike these defenses on November 29, 2010. [Dkt. 5.] The Motion to Strike is before the Court.

## II. Standard of Review

Rule 12(f) permits a court, on motion or *sua sponte*, to "strike from a pleading any insufficient defense." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting Wright & Miller, Federal Practice and Procedure § 1380 (3d ed. 2010)). Traditionally, it "imposes a sizable burden on the movant," *Clark v. Milan*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993), and courts typically strike defenses only when they have "no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

"Moreover, whenever granted, the defendant should generally be given leave to amend." *Palmer v. Oakland Farms, Inc.*, No. 5:10cv29, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010).

### III. Analysis

Plaintiff seeks to apply the pleading standard announced in *Twombly* and *Iqbal* to affirmative defenses raised in Defendant's Answer. That standard requires that allegations in a claim for relief include enough factual matter, taken as true, to plausibly suggest an entitlement to relief. 550 U.S. at 556, 129 S. Ct. 1950-51. To date, no appeals courts have considered whether this standard should apply to affirmative defenses as well as claims for relief. A number of district courts have addressed the issue however. Most--including every Fourth Circuit court so far--have found that *Twombly/Iqbal* should apply to affirmative defenses,[3] though a sizeable minority has found otherwise.[4] This Court finds itself in the minority.

---

[3] *See, e.g.*, *Racic v. Dominion Law Assocs.*, --- F.R.D. ---, 2010 WL 3928702 (E.D.N.C. Oct. 6, 2010); *Francisco v. Verizon South, Inc.*, No. 3:09cv737, 2010 WL 2990159, at *7-8 (E.D. Va. July 29, 2010)(collecting cases); *Bradshaw v. Hilco Receivables, LLC*, --- F. Supp. 2d ---, 2010 WL 2948181, at *3 (D. Md. July 27, 2010); *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179, at *5 (W.D. Va. June 24, 2010).
[4] *See, e.g.*, *Ameristar Fence Prods., Inc. v. Phoenix Fence Co.*, No. CV-10-299, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010); *McLemore v. Regions Bank*, No. 3:08cv0021, 2010 WL 1010092, at *13 (M.D. Term. Mar. 18, 2010); Holdbrook v. *SAIA Motor Freight Line, LLC*, No. 09-cv-02870, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010); *Charleswell v. Chase Manhattan Bank, N.A.*, No. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec.

Courts of the majority view apply *Twombly/Iqbal* to affirmative defenses for two primary reasons. First, they claim that "what is good for the goose is good for the gander," *Racic v. Dominion Law Assocs.*, --- F.R.D. ---, No. 5:10cv66, 2010 WL 3928702, at *4 (E.D.N.C. Oct. 6, 2010), and that "it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may apply in the case." *Palmer v. Oakland Farms, Inc.*, No. 5:10cv29, 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010). Second, they "note that boilerplate defenses clutter the docket and . . . create unnecessary work and extend discovery." *Racick*, 2010 WL 3928702, at *4 (citation and internal quotation marks omitted).

These Courts ground their positions in "the considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal*." *Id.* at *5 (citing *Palmer*, 2010 WL 2605179, at *5). Such policy

---

8, 2009); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009).

considerations may be compelling,[5] but whether this Court agrees with them or not, it is first bound to apply the relevant rules of civil procedure as written. *United States v. Carey*, 120 F.3d 509, 512 (4th Cir. 1997) (citing *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993)).

Federal Rule of Civil Procedure 8(a)(2) requires that "claims for relief," including complaints, contain

> a short and plain statement of the claim *showing that the pleader is entitled to relief*.

(emphasis added). But Rule 8(b)(1)(A), governing affirmative defenses, merely requires that a responding party

> state in short and plain terms its defenses to each claim asserted against it.

Notably absent is a required "showing that the pleader is entitled to relief." Yet Plaintiffs' argument would have this Court read such a requirement into Rule 8(b)(1)(A) on

---

[5] Balanced against them, no doubt, are countervailing considerations of whether it is fair to apply the same pleading standard to plaintiffs, who have far more time to develop factual support for their claims, as to defendants, who have 21 days to respond to a complaint, who did not initiate the lawsuit, and who risk waiving any defenses not raised (though waiver is only enforced where prejudice or unfair surprise would result, *see RCSH Operations, L.L.C. v. Third Crystal Park Assoc. L.P.*, 115 F. App'x 621, 630 (4th Cir. 2004)). *Racick*, 2010 WL 3928702, at *4; *Wanamaker v. Albrecht*, No. 95-8061, 1996 WL 582738, at *5 (10th Cir. 1996) ("While counsel often plead vast numbers of affirmative defenses without being sure whether the facts will ultimately support the defenses, such pleading is done precisely so that the defenses will be preserved should discovery or further proceedings reveal factual support.").

5

the basis of *Twombly* and *Iqbal*. Those opinions afford little reason for doing so.

Neither *Twombly* nor *Iqbal's* analyses even touch Rule 8(b)(1)(A); both begin and end with interpretation of Rule 8(a)(2)'s required showing that the pleader is entitled to relief. After quoting Rule 8(a)(2), they explain that a showing of "entitlement to relief" requires some factual grounding. 550 U.S. at 555 ("While a *complaint* . . . does not need detailed factual allegations, a *plaintiff's* obligation to provide the 'grounds' of his '*entitle[ment] to relief*' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (emphasis added); 129 S. Ct. at 1950 ("[O]nly a *complaint* that states a plausible claim for relief survives a motion to dismiss.") (emphasis added).

Thus, *Twombly* and *Iqbal* did not *introduce* the requirement of showing entitlement to relief under Rule 8(a)(2), they *interpreted* it. They abandoned a standard that only dismissed a claim where "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle to him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). And they did this by interpreting language that is not present in Rule

8(b)(1)(A). This Court will not import that language, nor *Twombly* and *Iqbal's* interpretations of it, to a different rule that lacks that language.

Rather, it remains the case that, under Rule 8(b)(1)(A), "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 F. App'x 197 (4th Cir. 2004) (quoting 5 Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274, at 455-56 (2d ed. 1990)). Here, at this early stage of litigation, there is no serious risk of ambush from a lack of factual detail supporting Defendant's affirmative defenses. Plaintiff can more fully explore such factual detail through such tools as contention interrogatories, under Federal Rule of Civil Procedure 33. *See Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255, 260 (M.D.N.C. 2010) (citing cases).

### IV. Conclusion

For the reasons stated above, the Court will deny Defendant's Motion to Strike.

|  | /s/ |
|---|---|
| January 10, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |